IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BRYAN T. CROSS,

     Movant,

v.                                  **Case No. 5:16-cv-06097**
                                          **Criminal Case No. 5:15-cr-00079-01**

UNITED STATES OF AMERICA,

     Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant Bryan T. Cross's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 18). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Movant's motion be denied and this matter be dismissed, with prejudice, and removed from the docket of the Court. Given that the undersigned conclusively **FINDS** that Movant is not entitled to the relief requested, an evidentiary hearing is not warranted. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

## I.   Factual and Procedural Background

A federal information charged Movant with distributing cocaine to a confidential informant during a controlled drug purchase arranged by law enforcement. (ECF Nos. 1,

7, 14, 29).[1] Movant entered into a plea agreement in which he waived his right to be charged by indictment and pleaded guilty to the single-count information. (ECF No. 7). In exchange for his guilty plea, the pending five-count indictment charging Movant with distribution of and possession with intent to distribute cocaine base would be dismissed. (*Id.*). The plea agreement specifically advised Movant that he faced imprisonment up to 240 months. (*Id.* at 2). A presentence investigation ("PSI") report was prepared by a United States Probation Officer. The report stated that during the period that Movant was under investigation, Movant sold cocaine from his residence on September 23 and 28, 2014; sold cocaine base from his residence on September 18 and 25, 2014; and 263.582 grams of cocaine base was seized from his residence upon execution of a search warrant on October 6, 2014. (ECF No. 14 at 4-6).  At sentencing, Movant stated that he did not object to any facts contained in the report and was completely satisfied with the legal representation that he received in his case. (ECF No. 26 at 13-14). In August 2015, the Court sentenced Movant to 151 months of imprisonment followed by three years of supervised release. (*Id.* at 24-25).

Movant did not appeal his conviction or sentence. However, in June 2016, Movant filed the instant motion under § 2255, arguing that his trial counsel rendered  ineffective assistance by not ordering further laboratory testing of the drugs that were identified as cocaine base.[2] (ECF No. 18 at 4-5). He insists that he sold only cocaine and that he urged his counsel to have the substances retested. (*Id.*). Movant further argues that his counsel was not qualified to handle Movant's criminal case, because counsel specialized in

---

[1] The docket entries cited in this PF&R reference Movant's criminal case: *United States v. Cross*, No. 5:15-cr-00079-01 (S.D.W. Va. 2015).

[2] Under the United States Sentencing Guidelines (the "Guidelines") in effect at the time, cocaine base yielded a higher base offense level as compared to the same quantity of cocaine. U.S.S.G. § 2D1.1(c) (2014).

personal injury cases and only won one criminal case in ten years. (*Id.* at 5).

In opposition to Movant's motion, Respondent relies primarily on the sworn affidavit submitted by Movant's trial counsel in this matter. (ECF Nos. 29, 30). Respondent states that Movant's counsel made a tactical legal decision not to challenge the laboratory results, because such a challenge could have jeopardized Movant's acceptance of responsibility credit. Respondent cites to counsel's affidavit, detailing the investigation that counsel performed and explaining the reasoning for his conclusion that retesting the evidence would have been frivolous and might even have been adverse to Movant. (ECF No. 30 at 9-11). Moreover, Respondent argues that Movant's allegations regarding his counsel's competence are unavailing because counsel's actions in Movant's case clearly demonstrated his competence; also, counsel had been appointed a Criminal Justice Act ("CJA") panel attorney since 1992 with a long history of representing criminal defendants in state and federal actions. (*Id.* at 11-12).

## II.    Discussion

When a movant alleges ineffective assistance of counsel under § 2255, the movant claims a violation of rights guaranteed by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 680 (1984). Under *Strickland,* a criminal defendant can prove ineffective assistance of counsel by meeting the requirements of a two-pronged test. *Id.* at 687. The defendant carries the burden of satisfying both prongs of the test, and "a failure of proof on either prong ends the matter." *United States v. Roane,* 378 F.3d 382, 404 (4th Cir. 1994).

First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687-88. When evaluating counsel's performance under the first prong of *Strickland,* "[j]udicial scrutiny of counsel's

performance must be highly deferential." *Strickland,* 466 U.S. at 689. Thus, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ... [and] that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). The inquiry under Strickland is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter,* 562 U.S. 86, 88 (2011).

Second, the defendant must show that he was actually prejudiced by the ineffective assistance of counsel. *Strickland,* 466 U.S. at 687. To establish actual prejudice from counsel's deficient performance, "[p]etitioner must show that 'counsel made errors so serious that counsel was not functioning as the counsel guaranteed ... by the Sixth Amendment.'" *DeCastro v. Branker,* 642 F.3d 442, 450 (4th Cir. 2011) (citing *Harrington,* 131 S.Ct. at 787)); *see also, Strickland,* 466 U.S. at 687. It is insufficient for the defendant "to show that the errors had some conceivable effect on the outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet that test." *Strickland,* 466 U.S. at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In the context of a guilty plea, the movant carries a heavy burden under § 2255. By entering a guilty plea, the criminal defendant "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged." *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). Therefore, a guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *Id.* Statements made during a hearing to accept

4

a guilty plea are afforded a strong presumption of veracity and subsequent attacks that contradict these statements may generally be dismissed as frivolous. *U.S. v. Lemaster,* 403 F.3d 216, 221-222 (4th Cir. 2005). As the Fourth Circuit explained:

> [A] defendant's solemn declarations in open court ... carry a strong presumption of verity ... because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. ... Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.

*Id.* Consequently, a criminal defendant is precluded from raising alleged constitutional deprivations that occurred prior to pleading guilty and "may only attack the voluntary and intelligent character of the guilty plea" by demonstrating that his counsel's performance was inadequate under the Sixth Amendment. *Tollett v. Henderson,* 411 U.S. at 267; *see, also, Fields v. Attorney General of State of Md.,* 956 F.2d 1290, 1296 (4th Cir. 1992)("A guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea."). In other words, the movant under § 2255 must not only rebut the presumption that counsel performed within the wide range of reasonable professional competence, but must also demonstrate that "there is a reasonable probability that, but for counsel's errors, [movant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

Here, Movant claims that his counsel was ineffective because he did not have evidence identified as cocaine base retested despite Movant's insistence that he only possessed and sold cocaine. (ECF No. 18 at 4-5). However, the record demonstrates that counsel made an informed, strategic decision not to solicit further testing, and this

decision was reasonable under the circumstances. Movant was charged with selling cocaine to a confidential informant during a controlled drug purchase. (ECF No. 1). The government disclosed to Movant's counsel audio/video footage of four purported controlled drug purchases from Movant on September 18, 23, 25, and 29, 2014; photographs of evidence seized during a search warrant on Movant's premises on October 6, 2014; and laboratory reports of the evidence seized on the above dates. (ECF No. 29 at 2-3).

Counsel reviewed copies of the forensic laboratory reports and the curricula vitae of the forensic analysts who performed the testing. (ECF No. 29 at 1). The evidence from the September 23 and 29 drug purchases was analyzed by forensic analyst Rebecca E. Harrison, whose written report documented her conclusion that the submissions contained cocaine. (ECF No. 29-1 at 1-2). The evidence seized from the September 18 and 25 drug purchases and the October 6 search of Movant's premises was tested by forensic analyst Jared J. Vititoe, who provided a written report stating that those submissions contained cocaine base. (*Id.* at 4-7). Ms. Harrison and Mr. Vititoe were both employed by the West Virginia State Police as forensic analysts in the drug identification section; both individuals held college degrees in forensic chemistry and completed training in forensic chemistry drug analysis; Mr. Vititoe was also qualified as an expert witness in forensic drug identification and held a master's degree in forensic science. (ECF No. 29-1 at 3, 8).

Despite the laboratory results, Movant maintained that none of the substances was cocaine base and he was very knowledgeable about the legal distinction. (ECF Nos. 18 at 4-5, 29 at 2-3). Movant's girlfriend also stated to Movant's counsel that the substances were cocaine, not cocaine base, but could not explain with certainty how she knew such fact. (ECF No. 29 at 4). Therefore, Movant's counsel performed online research regarding

the chemical differences between cocaine and cocaine base, looked for an independent toxicologist, and spoke with the detective on the case, who deferred to the test results and also stated that he was aware that Movant was known to sell cocaine base. (ECF No. 29 at 2).

Movant's counsel spoke separately with Ms. Harrison and Mr. Vititoe. Ms. Harrison explained that the process that she utilized involved shining light on the samples, which caused certain substances to show up on the spectrometer. (*Id.* at 2). She stated that the spectra that she observed in testing the samples was not "strong enough" to conclude that they contained cocaine base; thus, she erred on the side of caution and identified the substances as cocaine. (*Id.* at 2-3). However, she stated that she did not rule out the substances as being cocaine base and would defer to Mr. Vititoe's analysis if called to testify. (*Id.* at 3). Movant's counsel stated that Mr. Vititoe advised him that he stood by his analysis that the samples that he tested were cocaine base. (*Id.*).

Counsel also reviewed video footage of the substances at issue and observed that the substances tested by Ms. Harrison appeared to be a darker, tannish hue, as opposed to the substances tested by Mr. Vititoe, which appeared to be solid white chunks. (*Id.*). Based upon all of the above, counsel concluded that the evidence supported the possibility of both cocaine and cocaine base being attributed to Movant. Counsel shared his findings with Movant and ultimately determined that it was in Movant's best interest to seek a downward variance under the Guidelines based on Movant's acceptance of responsibility, rather than challenge the laboratory results and jeopardize the plea deal and Movant's eligibility for a downward variance. (*Id.* at 4). Counsel contends that this decision was made with the full knowledge and consent of Movant. (*Id.*).

In the § 2255 motion, Movant insinuates that retesting the evidence could only have helped him because he received "cocaine base time" anyway; in other words, Movant appears to argue that even if the retest again revealed that the substance was cocaine base, the resulting sentence would have been the same. (ECF No. 18 at 4). However, as Movant's counsel explained, a challenge to the forensic evidence could have jeopardized the plea deal or the downward variance for acceptance of responsibility, which Movant received. Moreover, retesting the evidence could potentially have resulted in *all* of the drugs being identified as cocaine base, as opposed to some transactions being identified as cocaine, which could have resulted in an even more severe sentence under the Guidelines. In sum, contrary to Movant's belief, retesting the evidence could have very clearly resulted in a longer sentence and Movant's counsel reasonably concluded that the potential risk outweighed any unlikely benefit from retesting the evidence. As noted, the *Strickland* standard is highly deferential to counsel's tactical decisions such as those at issue in this case.

Similar allegations of ineffective assistance of counsel have been considered by other federal courts and have been found to be insufficient to establish a claim under the Sixth Amendment. For instance, in *United States v. Jackson*, the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit") considered a case in which a defendant argued on appeal that his "trial counsel erroneously allowed him to be sentenced for possession of crack although he actually possessed cocaine." *United States v. Jackson*, No. 97-3904, 1999 WL 459195, at *4 (7th Cir. 1999). The defendant argued that "he was prejudiced by counsel's deficient performance because he would have received a much shorter sentence had his counsel challenged the Government's characterization of the drug in question as crack." *Id.* The Seventh Circuit found that a review of the record failed

8

to support such assertions; rather, the defendant's attorney "hoped to secure both acceptance of responsibility credit and substantial assistance credit for his client" and the stipulation that the substances were crack could "be interpreted as a strategic decision to appear cooperative rather than contentious." *Id.* In addition, the Seventh Circuit stated that the attorney's decision not to put the government to its proof on the issue of whether the substance was crack could not be considered ineffective assistance if counsel believed that the government could establish that the substance was crack. *Id.* Thus, the Seventh Circuit found that the counsel's actions could be considered "sound trial strategy" and did not fall below an objective standard of reasonableness. *Id.* Upon finding that the defendant "failed to demonstrate error on the first prong of the *Strickland* test," the Seventh Circuit stated that it "need not address the question of prejudice." *Id.*

Similarly, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") considered on appeal a defendant's allegation that his trial counsel was ineffective because he failed to object to the PSI's finding that he smuggled crack into the United States as opposed to powder cocaine or cocaine base. *United States v. Samuels*, 59 F.3d 526, 529 (5th Cir. 1995). The Fifth Circuit noted that the "defendant himself was asked at the sentencing hearing if he had read the PSI and had any objections to the findings of fact it contained," yet the "defendant made no objection." *Id.* Also, the Fifth Circuit cited that the defendant's counsel had received a scientific report that the substance had been tested and was identified as crack. *Id.* The report and testimony concerning it "undoubtedly caused [the defendant's] counsel to limit his argument at the sentencing hearing to a plea for leniency." *Id.* Therefore, considering the fact that "[p]roving an allegation of ineffective assistance of counsel requires a very strong showing by the defendant," the Fifth Circuit stated that it could not "say that the defendant's counsel

9

acted in a professionally unreasonable manner and that he prejudiced the defense" in such circumstances. *Id.*

Likewise, in *Lemon v. United States*, a § 2255 movant argued that his counsel was ineffective because he did not hold the government to its burden of proving that he possessed crack. *Lemon v. United States*, 335 F.3d 1095, 1096 (8th Cir. 2003). However, the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") agreed with the district court that the counsel's decision to stipulate that the substance was crack was part of a reasonable trial strategy in which counsel sought to disprove the element of possession rather than the drug type. *Id.* Further, the Eighth Circuit stated that the stipulation did not result in prejudice to the movant because the laboratory report explicitly stated that the substance was cocaine base. *Id.*

Other district courts have expressed similar rationale. In *United States v. Moore*, a § 2255 movant argued that his counsel was ineffective because he, *inter alia*, failed to demand an adequate factual basis for the determination that the illegal substance tested was base cocaine as opposed to powdered cocaine, nor did he challenge the sufficiency of evidence regarding whether the cocaine base, was in fact "crack," which arose at sentencing. *United States v. Moore*, No. 00-CV-74639-DT, 2002 WL 550047, at *1 (E.D. Mich. Apr. 10, 2002), *aff'd*, 54 F. App'x 624 (6th Cir. 2003). The court found that the claims amounted to nothing more than "second-guessing counsel's strategy." *Id.* at *2. Citing *Strickland*, the court noted that the Supreme Court of the United States "ruled that defense counsels should be given discretion in choosing what strategy to pursue for the defendant." *Id.* The court stated that the movant's counsel believed it would be beneficial to stipulate that the substance was cocaine base and, in using his discretion, the defense counsel was not deficient under *Strickland*. *Id.*

10

Like the above authorities and other cases considering similar issues, Movant's counsel demonstrated reasonable defense strategy under the circumstances. Pursuant to his investigation, counsel made an informed decision not to mount what he believed would be a fruitless challenge to the laboratory evidence. Instead, counsel elected to focus on what he judged to be the best possible outcome for his client, a downward variance for acceptance of responsibility and a relevant conduct calculation that was only partially based on cocaine base. *See, e.g., United States v. Harris*, No. 4:04-CR-00009, 2008 WL 1860196, at *2 (W.D. Va. Apr. 25, 2008) ("Thus, it is clear that counsel's reasonable trial strategy was to challenge the intent element of the offense, rather than the form of the substance itself"... Accordingly, [the §2255 movant] fails to adequately demonstrate the first prong of *Strickland.*"); *United States v. Carlos*, 906 F. Supp. 582, 591 (D. Kan. 1995), *aff'd*, 85 F.3d 641 (10th Cir. 1996) (holding that defense counsel's decision not to seek an independent evaluation of the substantive identified as crack cocaine was not constitutionally deficient when counsel instead "focused on presenting the most viable and, as a practical matter, the only defense available: entrapment ... [i]n the face of the unassailable mountain of evidence that the defendant," *inter alia*, distributed crack cocaine to undercover agents); *Camacho v. United States*, No. 98 CIV 7057 JFK, 1999 WL 600523, at *6 (S.D.N.Y. Aug. 10, 1999) ("Since there was evidence supporting the inclusion of crack cocaine in the sentencing calculation, counsels' decision not to object was appropriate.").

Furthermore, as to Movant's claim that his counsel did not possess the experience or qualifications to represent him in his criminal case, the undersigned notes that an attorney's "prior trial experience—regardless how large or small—does not establish *ipso facto* whether he [or she] was constitutionally ineffective." *Smith v. United States*, No.

11

1:03-CR-39, 2009 WL 6731814, at *7 (N.D.W. Va. Aug. 3, 2009), *report and recommendation adopted,* 2010 WL 3087454 (N.D.W. Va. Aug. 6, 2010) (citing *Kandies v. Polk,* 385 F.3d 457, 469 n.7 (4th Cir. 2004) (vacated on other grounds by *Kandies v. Polk,* 545 U.S. 1137 (2005)); *see also United States v. Beilharz*, No. 1:09-CR-105, 2012 WL 2153157, at *9 (E.D. Va. June 12, 2012) ("Ultimately, however, the level of an attorney's experience is irrelevant if the attorney provides competent representation in the case at hand; inexperience itself does not constitute ineffectiveness."). Rather, "[w]hen considering an ineffective assistance of counsel claim, the attorney's actual performance is examined, rather than his or her experience, which is an indicator of the attorney's likely performance." *Smith*, 2009 WL 6731814, at *7 (citing *Kandies,* 385 F.3d at 469 n.7). Here, aside from the apparent factual inaccuracies in Movant's statements regarding his counsel's qualifications and experience, the only alleged deficiency raised by Movant is that his counsel declined to ask to have the evidence retested. *See* (ECF No. 18 at 4-5, 29 at 5). As discussed above, Movant failed to prove that his trial counsel's actual performance fell "below an objective standard of reasonableness" in choosing to forego such an evidentiary challenge. *Strickland,* 466 U.S. at 687.

Therefore, for all of the above reasons, the undersigned **FINDS** that Movant does not establish that his trial counsel's performance was constitutionally deficient. Given that Movant asserts no potentially meritorious ground for relief under § 2255, his Motion should be denied and his case should be dismissed with prejudice.

## III.   Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the presiding district judge confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28

U.S.C. § 2255, (ECF No. 18), be **DENIED,** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:** March 2, 2018

Cheryl A. Eifert
United States Magistrate Judge